HUGH BILLINGTON v. ROBERT MILLER, ACTING JUDGE.

Argued June 11, 1907—Decided November 11, 1907.

If there be a right to use the public streets for the purpose of mere
    sport (*e. g.*, the sport of roller skating), that right is subject to
    regulation by municipal authority, and if the restrictions imposed
    are reasonable, for a public purpose, and not arbitrary, the
    courts will not interfere.

On *certiorari.*

Before Justices GARRISON and SWAYZE.

For the prosecutors, *John J. Mulvaney.*

For the defendants, *Gilbert Collins, George S. Hobart* and
*George D. Hendrickson* (*Charles L. Corbin* on the brief).

The opinion of the court was delivered by

SWAYZE, J.   The reasons in this case attack only the valid-
ity of the ordinance of Jersey City prohibiting roller skating
on a portion of Bergen avenue, and the arguments were di-
rected to that question only.   We need not, therefore, consider
whether the complaint and the evidence sufficed to bring the
case within the ordinance.

We think the language of the ordinance makes it clear that
it was only the sport of roller skating that it was intended to
reach, and not mere travel upon roller skates, as the argument
of counsel assumed.   Whether there is a right to use the
public streets of a city for the purpose of mere sport is a
question which has never been decided in this state, nor is it
necessary now to determine it.   If there be such a right, it
must be subject to regulation by the city authorities, and as
long as the restrictions imposed upon it are reasonable, for a
public purpose, and not arbitrary, the courts ought not to
interfere.   *Richmond, F. & P. R. R. Co. v. Richmond,* 96

*U. S.* 521; *Erb* v. *Morasch,* 177 *Id.* 584; *Ivins* v. *Trenton,* 39 *Vroom* 501; *affirmed,* 40 *Id.* 451.

The evidence shows that the portion of Bergen avenue on which roller skating was prohibited was so given up to the sport as to constitute a serious injury to abutting property owners, if it did not indeed unreasonably obstruct the public traffic on the street. These abutting property owners were entitled to protection as the part of the public most immediately concerned, and it was quite as much to the common interest of all citizens to secure that protection as to secure an unimpeded passage for vehicles. We fail to find anything unreasonable or arbitrary in the ordinance, and the conviction must be affirmed, with costs.